FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Northern Division

2013 JAN 28 PM 3: 28

CLERK'S
AT B

BY ____

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | Civil Action No. |
| **$11,000 in U.S. CURRENCY,** | : | WMN13CV0295 |
| **Defendant.** | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2. The defendant property consists of $11,000 in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized from Michael Lamont Smith, on July 19, 2012, during a traffic stop of a motor vehicle near the intersection of Brrokside Drive at Top View Drive, Baltimore, Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Maria E. Pena, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff has such other and further relief as the case may require.

Dated: January 28, 2013

    Respectfully submitted,

    Rod J. Rosenstein
    UNITED STATES ATTORNEY
    District of Maryland

    */s/ Stefan D. Cassella*
    Stefan D. Cassella
    Assistant United States Attorney
    36 South Charles Street
    Fourth Floor
    Baltimore, Maryland 21201
    Tel: (410) 209-4800

**DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of the seizure of **$11,000.00 in United States Currency (Asset ID# 12-DEA-571633).** The currency was seized on July 19, 2012.

I, Maria E. Pena, task force officer of the Drug Enforcement Administration, submit that there are sufficient facts to support and reasonable belief that the $11,000.00 in United States currency, seized on July 19, 2012, constitutes (1) money, negotiable instruments, securities and other things of value furnished an intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to is, 21 U.S.C. section 881(a) (6).

a. On Thursday, July 19, 2012, members of the Harford County Sheriff's Office conducted a traffic stop at the intersection of Brookside Drive at Top View Drive.

b. The stop was on a Silver 2004 Nissan with Maryland registration 7AP6870, driven by Michael Lamont SMITH.

c. Officers advised Michael Lamont SMITH of the reason of the stop. SMITH advised that he understood, and failed to signal due to being tired.

d. SMITH further explained that he had dropped off his friend; however he was not able to provide and address or a full name for the friend. SMITH appeared to become extremely nervous.

e. Based on observations of SMITH driving and behavior upon contact members requested the assistance of a K-9 to scan the vehicle.

f. The K-9 gave a positive alert at which time SMITH was detained.

g. SMITH stated that he had $11,000.00 inside the vehicle. Officers located a bag in the center console which contained $11,000.00 (12-DEA-571633). The currency was bundled in increment of $1,000.00.

h. Officers also located marijuana directly behind the operator's seat on the rear floorboard.

i. A separate K-9 scan was later conducted on the currency with a positive alert for the presence of CDS.

j. SMITH advised that he had sold his Ford truck the day before the stop, and the currency recovered from the vehicle were the proceeds of the sale.

k. SMITH advised that the vehicle was registered to him. However, the dispatcher advised that the only two vehicles were previously registered to SMITH; an Acura Integra and a Chrysler passenger vehicle.

l. SMITH was advised on this information at which time he advised that the vehicle was registered to his girlfriend, Tykisha SPENCE.

m. Records show that SPENCE has had two vehicles registered to her name, the 2004 Nissan Maxima (the vehicle from which the currency was seized) and a Ford Van.

n. The van's registration had expired a substantial time ago; no current registration for this vehicle has been located in the State of Maryland.

o. SMITH's explanation as to the origin of the currency was unsubstantiated by searches conducted and lack of documentation to support it.

p. SMITH submitted an affidavit that refers to a bank statement for the person that purchased the vehicle.

q. In reviewing the statement it indicates two withdrawals that total $8,000.00 and were conducted in two separate transactions.

r. The transactions were dated for February 1st, and March 2nd of 2012, over four months prior to when SMITH claims to have sold the car.

s. SMITH has several arrests for narcotics violations in the State of Maryland:

1. 1994 CDS Possession and CDS possession with Intent (PWID).

2. 2002 CDS PWID not Marijuana and possession of a firearm.

3. 2003 CDS PWID not Marijuana CDS possession of paraphernalia, and obstructing & hindering

4. 2008 CDS PWID PCP/LSD.

t. A wage record request was conducted for SMITH, however, no record of wages was found.


I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE HARTFORD COUNTY SHERIFF'S OFFICE, IN REFERENCE TO THE SEIZURE OF $11,000.00 IN U.S. CURRENCY FROM MICHAEL LAMONT SMITH ARE ACCURATE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE INFORMATION AND BELIEF.

Maria E. Pena, Task Force Officer
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: January 28, 2013

                                                       Stefan D. Cassella
                                                     Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | January 28, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Naquita C. Ervin<br>FSA Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $11,000 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 12-DEA-571633 – GD-12-0371** |

The United States has filed a forfeiture action against **$11,000 U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.



Attachment

1

| U.S. Department of Justice<br>United States Marshals Service | | PROCESS RECEIPT AND RETURN |
|---|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | | COURT CASE NUMBER<br>WMN 13 CV 0295 |
| DEFENDANT<br>$11,000 U.S. Currency | | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE<br>▶<br>AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN<br>12-DEA-571633 / GD-12-0371 |
|---|---|
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | Number of process to be served with this Form - 285 | |
|---|---|---|
| Naquita C. Ervin, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number of parties to be served in this case | |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of :<br>/s/ Cassell | TELEPHONE NUMBER<br>410-209-4800 | DATE<br>1/28/13 |
|---|---|---|

### SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>(Sign only first USM 285 if more than one USM 285 is submitted)<br>No. | Total Process<br>No. | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (If not shown above). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. | |
|---|---|---|
| Address (complete only if different than shown above) | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED         SEND ORIGINAL + 2 COPIES to USMS.
1. CLERK OF COURT  2. USMS Record  3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt

/s/ Cassell